UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

          Plaintiff,

v.

JONATHAN HARRIS,

          Defendant.

Case No. 20-CR-176-JPS

**ORDER**

1. **INTRODUCTION**

In April 2023, the United States Sentencing Commission ("the Commission") proposed to Congress an amendment to the United States Sentencing Guidelines (the "Guidelines"), known as "Amendment 821" or the "2023 Criminal History Amendment." *Materials Relating to the 2023 Criminal History Amendment*, U.S. SENT'G COMM'N, https://www.ussc.gov/policymaking/materials-relating-2023-criminal-history-amendment [https://perma.cc/T954-GQFK] (last visited June 12, 2024). Part A of Amendment 821 "decreases 'Status Points' by one point for individuals with seven or more criminal history points and eliminates them for individuals with six or less criminal history points" (the "Status Point Amendment"). *Id.* (under "Who is Eligible for Retroactive Application?" heading). "Individuals who received Status Points in their criminal history calculation are eligible for this retroactive reduction." *Id.* In August 2023, the Commission voted to give retroactive effect to this portion of Amendment 821. *Retroactivity Amendment ("Reader-Friendly" version)*, U.S. SENT'G COMM'N (Aug. 31, 2023), *available at*

https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202308_RF-retro.pdf [https://perma.cc/P2B4-8FUA] (last visited June 12, 2024). Amendment 821 took effect on November 1, 2023. *Id.*

In May 2024, Defendant Jonathan Harris ("Defendant") moved to reduce his term of imprisonment based on this retroactive provision of Amendment 821. ECF No. 37. Defendant explicitly references having received a "2 point enhancement," so the Court construes his motion as one under the Status Point Amendment. *Id.* For the reasons stated below, the Court will deny the motion.

## 2. BACKGROUND

Defendant pleaded guilty to, and was formally adjudicated guilty of, possession with intent to distribute heroin and possession of a firearm in furtherance of a drug trafficking offense. ECF Nos. 16, 30. In October 2021, Defendant appeared before the Court for sentencing. ECF No. 29. For sentencing purposes, the United States Probation Office for the Eastern District of Wisconsin ("Probation") calculated the applicable Guidelines as follows:

> Total Offense Level: 13
> Criminal History Category: VI
> Count Two: 33 to 41 months of imprisonment
> Count Three: at least 60 months of imprisonment consecutive

*Id.* at 1. Count Three—brought under 18 U.S.C. § 924(c)(1)(A)(i)—carried a mandatory minimum term of imprisonment. ECF No. 30; ECF No. 33 at 19. The Court sentenced Defendant to a total term of imprisonment of 72 months. ECF No. 29 at 2; ECF No. 30 at 3.

According to the Federal Bureau of Prisons, Defendant is incarcerated at Canaan USP and currently has a projected release date in

January 2027. *See Inmate Locator*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited June 12, 2024).

3. **LAW AND ANALYSIS**

The Court may modify a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the . . . Commission pursuant to 28 U.S.C. [§] 994(o)." 18 U.S.C. § 3582(c)(2).[1] "[U]pon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

In the case of Amendment 821, the relevant policy statement is Guideline § 1B1.10. That Guideline provides that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the] amendment . . . does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). The commentary to U.S.S.G. §1B1.10 clarifies that a reduction "is not authorized under . . . § 3582(c)(2) and is not consistent with this policy statement if . . . the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision"—for example, "a statutory mandatory minimum term of imprisonment." U.S.S.G. § 1B1.10 Commentary, Application Notes 1(A).

---

[1] Section 994(o) provides that the Commission may "review and revise" the Guidelines. 28 U.S.C. § 994(o).

Additionally, "the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range" determined after application of any relevant amendment(s), subject to some exceptions. U.S.S.G. § 1B1.10(b)(2)(A); U.S.S.G. § 1B1.10(b)(2)(B), (c) (setting forth exceptions).

Defendant received status points for his offense, so he broadly fits within the group of offenders who can be considered for sentence reductions under the Status Point Amendment. *Materials Relating to the 2023 Criminal History Amendment*, "Who is Eligible for Retroactive Application?". Nevertheless, for the reasons discussed herein, the Court cannot reduce Defendant's sentence under Amendment 821.

When he was sentenced, Probation determined, and the parties agreed, that the advisory guideline term of imprisonment as to Count Two was 33 to 41 months' imprisonment. ECF No. 29 at 1. As to that Count, Defendant received a term of imprisonment of 12 months (24 months adjusted downward by 12 months pursuant to U.S.S.G. § 5G1.3(b)(1)). *Id.* at 2. According to Probation, the updated guidelines range as to that Count would be 30 to 37 months. The below-guidelines sentence that Defendant received as to Count Two is already below the minimum of the updated guidelines range. The Court cannot, therefore, reduce it further.

Nor can the Court reduce the term of imprisonment that Defendant received as to Count Three. Count Three carried a mandatory minimum consecutive term of imprisonment of five years. ECF No. 33 at 19. Defendant received the mandatory minimum sentence as to that Count. ECF No. 29 at 2. The Court cannot, therefore, reduce the term of imprisonment as to that count. U.S.S.G. § 1B1.10 Commentary, Application Notes 1(A).

## 4. CONCLUSION

Having so concluded, the Court need not analyze whether the factors in 18 U.S.C. § 3553(a) warrant such the reduction sought. Defendant's motion to reduce his sentence under Amendment 821 is denied.

Accordingly,

**IT IS ORDERED** that Defendant Jonathan Harris's motion to reduce his sentence pursuant to the 2023 Amendments to the United States Sentencing Guidelines, ECF No. 37, be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 12th day of June, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge